D+F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

ALTON H. MADDOX, JR.,

                Plaintiff,

-against-

A. GAIL PRUDENTI as Presiding Justice of the
APPELLATE DIVISION, SECOND JUDICIAL
DEPARTMENT; DAVID S. RITTER, MYRIAM J.
ALTMAN, NANCY E. SMITH, FRED T. SANTUCCI,
ANITA R. FLORIO, HOWARD MILLER, STEPHEN G.
CRANE, THOMAS A. ADAMS, DANIEL F. LUCIANO,
GABRIEL M. KRAUSMAN, SONDRA MILLER,
GLORIA GOLDSTEIN, ROBERT W. SCHMIDT,
STEVEN W. FISHER, ROBERT A. SPOLZINO,
WILLIAM F. MASTRO, BARRY A. COZIER,
REINALDO E. RIVERA, PETER B. SKELOS, ROBERT
A. LIFSON, as Associate Justices of the Appellate
Division, Second Judicial Department,

                Defendants.

------------------------------------------------------------------ X

04 CV 5444 (ARR)(LB)

OPINION AND ORDER

ROSS, United States District Judge:

By Opinion and Order dated December 14, 2006, this court dismissed several of the plaintiff's claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and granted the plaintiff permission to re-plead his First Amendment retaliation claim within twenty days of the date of the order.

More specifically, the court held that under the Rooker-Feldman doctrine it lacked subject matter jurisdiction to entertain plaintiff's challenges to the particular application of the disciplinary rules in the state judicial proceedings against him. The court further held that it

1

lacked subject matter jurisdiction to entertain plaintiff's facial challenges to the disciplinary rules and procedures because plaintiff lacked standing to bring such challenges. For these reasons, the court dismissed causes of action one through five pursuant to Fed. R. Civ. P. 12(b)(1).

With respect to the plaintiff's First Amendment retaliation claim, the court noted that the amended complaint omitted the admonition subsequently issued by the Grievance Committee and so the court granted plaintiff permission to re-plead his First Amendment claim within twenty days, directing plaintiff to set forth, if possible, the elements of a First Amendment retaliation claim required by Second Circuit precedents regarding criticism of public officials by private citizens. See, e.g., Gill v. Pidlypchak, 389 F.3d 379 (2d Cir. 2004). The plaintiff has heretofore failed to re-plead this claim. Nor has plaintiff requested an adjournment. Pursuant to Fed. R. Civ. P. 12(b)(6), the court therefore dismisses plaintiff's First Amendment retaliation claim, his sixth cause of action, for failure to state a claim upon which relief can be granted.

The Clerk of Court is instructed to enter judgment accordingly.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: January 16, 2007
Brooklyn, New York

SERVICE LIST:

        <u>Plaintiff</u>
        Alton H. Maddox, Jr.
        16 Court Street, Ste. 1901
        Brooklyn, NY 11241

        <u>Defendants' Attorney</u>
        Anthony J. Tomari
        Attorney General, State of New York
        120 Broadway, 24th Floor
        New York, NY 10271

cc:        Magistrate Judge Bloom